1  Kelly M. Dermody (Cal. Bar No. 171716)
   Jahan C. Sagafi (Cal. Bar No. 224887)
2  LIEFF, CABRASER, HEIMANN &
      BERNSTEIN, LLP
3  275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
5  E-Mail: kdermody@lchb.com
   E-Mail: jsagafi@lchb.com
6
7  *Attorneys for Plaintiff and Class Members*

8                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF CALIFORNIA
9                          FRESNO DIVISION

10 MICHAEL LUCHINI, on behalf of himself     Case No. _____
   and classes of those similarly situated,
11
                    Plaintiff,               **COMPLAINT FOR VIOLATIONS OF THE**
12                                           **FAIR LABOR STANDARDS ACT, THE**
         v.                                  **EMPLOYEE RETIREMENT INCOME**
13                                           **SECURITY ACT OF 1974, AND**
   CarMax, Inc.; CarMax Auto Superstores,    **CALIFORNIA WAGE AND HOUR LAWS**
14 Inc.; and CarMax Auto Superstores
   California, LLC,                          **COLLECTIVE ACTION**
15
                    Defendants.              **CLASS ACTION**
16
17                                           **DEMAND FOR JURY TRIAL**
18
19
20
21
22
23
24
25
26
27
28

967857.3

Plaintiff Michael Luchini ("Plaintiff") alleges, on behalf of himself and classes of those similarly situated, as follows:

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).

2.      This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

3.      In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state wage and hour law claims, because those claims are related to the federal claims such that they form part of the same case or controversy under Article III of the United States Constitution.

4.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      The Eastern District of California has personal jurisdiction over Defendants (also referred to collectively as "CarMax"), because they maintain offices and/or stores in this District, they have systematically, continuously, and purposefully availed themselves of the privilege of doing business in California and in this district, and because many of Defendants' acts complained of and giving rise to the claims alleged occurred in California and in this District.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Plaintiff resided and worked for CarMax in this district during the period of time in which events giving rise to the claims occurred.

7.      Intradistrict Venue:  Pursuant to E.D. Cal. Local Rule 120(d), intradistrict assignment to the Fresno Division is proper because a substantial part of the events that give rise to the claims asserted occurred in Fresno.

**SUMMARY OF CLAIMS**

8.      Named Plaintiff Michael Luchini worked for CarMax as a Buyer-in-Training ("BIT") and a Buyer in Fresno, California.  BITs and Buyers, along with Senior Buyers (collectively, the "Covered Positions"), share the primary duties of collecting objectively observable information on used vehicles and entering that information into CarMax's computer system to assist the system in calculating the price at which particular vehicles may be purchased by CarMax.  Employees in the Covered Positions inspect vehicles brought to CarMax locations and also inspect vehicles available for purchase by CarMax at auctions off-site.  The employees in the Covered Positions must carefully adhere to CarMax's detailed policies and practices, follow step-by-step procedures, and use CarMax's comprehensive systems in performing their job duties.  These policies, practices, procedures, and systems sharply limit the employees' opportunity to exercise independent judgment and discretion.

9.      Employees in the Covered Positions collect data on each vehicle in compliance with strict, standardized protocols, using checklists provided by CarMax.  CarMax's sophisticated appraisal software pre-populates many fields of information about each vehicle based on the make, model, year, mileage, features, condition, and other aspects of the vehicle, and employees in the Covered Positions record the additional information they have collected by following CarMax's protocols and checklists.  Based on this information, the system provides a target profit margin and ultimately the final appraisal price for the particular vehicle, resulting in an appraisal report that non-Class employees (the sales consultants) later share with the customer.  The system is designed to ensure that appraisal prices are standardized regardless of which employee is entering information.  Employees in the Covered Positions have minimal interaction with customers and lack meaningful discretion in setting appraisal prices.

10.     Employees in the Covered Positions also routinely attend auctions, where they perform the same information-gathering function.  At auctions, employees also bid on cars

- 2 -

CLASS AND COLLECTIVE ACTION COMPLAINT
UNDER FLSA, ERISA, & CALIFORNIA LAW

based on the constraints and pricing determined by CarMax systems.  When bidding, employees in the Covered Positions are instructed to ensure that their purchases for the day, on average, match the pricing determined by CarMax.  CarMax policies and systems also restrict employees from deviating from the CarMax system-determined purchase price by a significant amount for each individual auction purchase.

11.     These employees learn how to perform these tasks during extensive mandatory training, including attendance at "CarMax University" and participation in the BIT training regimen, which culminates in an exam at the Career Development Panel.  CarMax management continuously evaluates employees in the Covered Positions for compliance with its policies, practices, and systems.  For example, CarMax uses an online database system called "Talent Tree" to track performance.  It also uses the "KMX Reporting System," which contains store sales reports, purchasing data, and Buyer Performance Reports.  Each Buyer Performance Report includes the employee's Profitability Quotient ("PQ"), which is a number from 1 to 100, used to compare appraisal accuracy from employee to employee.  Employees whose PQs differ too widely from CarMax's target values are instructed to bring their numbers in line with expected values by adhering more carefully to CarMax's policies and practices, and are subject to discipline for failure to comply.

12.     CarMax has unlawfully classified employees in Covered Positions as exempt from overtime payments under federal and state laws, despite the fact that they should have been classified as nonexempt.  Employees in the Covered Positions have worked overtime hours, as defined by applicable federal and state laws, and are and have been entitled to premium compensation at the appropriate rate ("overtime compensation") for all overtime hours worked.

13.     In September 2007, a CarMax employee filed suit against CarMax in California state court alleging similar overtime misclassification claims under California law, on behalf of a class of California employees in the Covered Positions.  In August 2009, the court in that case approved a class action settlement, providing monetary recovery for California employees in the Covered Positions for a class period extending from 2003 to August 2009.  At some point, CarMax then reclassified California BITs to nonexempt status.  However, CarMax

- 3 -

1    willfully failed to reclassify California Buyers, California Senior Buyers, and all non-California

2    employees in the Covered Positions.  Those employees remained exempt, despite the fact that

3    they have substantially similar job duties as California BITs.

4         14.    CarMax has willfully refused to pay employees in the Covered Positions

5    the required overtime compensation for overtime hours worked.

6         15.    CarMax has failed to keep records as required by law with respect to the

7    overtime work performed by employees in the Covered Positions.  In doing so, CarMax has failed

8    to comply with the requirement that it maintain records sufficient to determine benefits due or

9    which may become due under the 401(k) Plan, as required under ERISA § 209, 29 U.S.C. § 1059.

10        16.    CarMax has failed to credit employees in the Covered Positions for

11   overtime work as Compensation under the 401(k) Plan.  In doing so, CarMax has violated

12   ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

13        17.    CarMax's practices violate the FLSA, ERISA, and the state laws pled

14   herein.  Plaintiff, on behalf of himself and all others similarly situated, seeks injunctive and

15   declaratory relief, overtime compensation for all overtime work required, suffered, or permitted

16   by CarMax, liquidated and/or other damages and penalties as permitted by applicable law,

17   interest, and attorneys' fees and costs.

18                          **THE PARTIES**

19        18.    Plaintiff Michael Luchini was employed by CarMax in Fresno, California

20   from approximately 2007 to 2012.  From August 2007 to February 2008, he worked as a Buyer-

21   in-Training.  From in or around March 2008 to January 2012, he worked as a Buyer.  Plaintiff had

22   the primary duties of collecting objectively observable information on used vehicles and entering

23   that information into CarMax's computer system to assist the system in calculating the price at

24   which particular vehicles could be purchased by CarMax.  Plaintiff worked hours in excess of

25   forty hours per week and in excess of eight hours per day, without receiving overtime

26   compensation as required by both California and federal law.

27        19.    Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C.

28   § 216(b) and 256.  Plaintiff's Consent to Join form is attached hereto as Exhibit A.

20.     Defendant CarMax, Inc. is a Virginia corporation with its principal place of business in Richmond, Virginia.  On information and belief, CarMax, Inc. purchases and sells used vehicles in stores throughout the United States, was present and doing business within this judicial district at all times relevant to the claims alleged herein, and has employed those in Covered Positions during the period of time relevant to the claims alleged herein.

21.     Defendant CarMax Auto Superstores, Inc. is a Virginia subsidiary of CarMax, Inc., with its principal place of business is in Richmond, Virginia.  On information and belief, CarMax Auto Superstores, Inc. purchases and sells used vehicles in stores throughout the United States, was present and doing business within this judicial district at all times relevant to the claims alleged herein, and has employed those in Covered Positions during the period of time relevant to the claims alleged herein.

22.     CarMax Auto Superstores California, LLC, is a California subsidiary of CarMax, Inc. with its principal place of business is in Richmond, Virginia.  On information and belief, CarMax Auto Superstores California, LLC purchases and sells used vehicles in stores throughout California and the surrounding region, was present and doing business within this judicial district at all times relevant to the claims alleged herein, and has employed those in Covered Positions during the period of time relevant to the claims alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of himself and all persons who were, are, or will be employed by CarMax nationwide in a Covered Position at any time within the three years prior to the filing of the initial Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by CarMax as exempt from overtime pay under federal law.  This group is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

24.     Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Nationwide FLSA Plaintiffs.

25.     Plaintiff and Nationwide FLSA Plaintiffs are similarly situated in that they have substantially similar job duties and pay provisions, and are subject to Defendant CarMax's common practice, policy, or plan of unlawfully characterizing Nationwide FLSA Plaintiffs as exempt employees and refusing to pay them overtime in violation of the FLSA.

26.     The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since Plaintiff's claims are similar to those of the Nationwide FLSA Plaintiffs.

27.     The names and addresses of the Nationwide FLSA Plaintiffs are available from CarMax's records.  Notice should be provided to the Nationwide FLSA Plaintiff via first class mail, e-mail, and posting in the offices where they have worked as soon as possible.

## CALIFORNIA CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of all persons who were, are, or will be employed by CarMax in California in a Covered Position (hereinafter "the California Class") at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "California Class Period"), and who were, are, or will be improperly misclassified as exempt from overtime pay under California law.

29.     Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Claims for Relief for violation of California's wage and hour and unfair competition laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members, defined in the preceding paragraph.

30.     Plaintiff is a member of the California Class, as he was employed in a Covered Position by CarMax during the California Class period.

31.     **Numerosity.**  The California Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the California Class Period Defendant CarMax has employed at least fifty persons who satisfy the definition of the California Class.

32.     **Commonality.**  Common questions of law and fact exist as to embers of the California Class, including, but not limited to, the following:

1            a.      Whether CarMax unlawfully failed to pay overtime compensation

2    in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,

3    and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226,

4    510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001.

5            b.      Whether Plaintiff and the California Class members are nonexempt

6    employees entitled to overtime compensation for overtime hours worked under the overtime pay

7    requirements of California law;

8            c.      Whether CarMax's policy and practice of classifying the California

9    Class members as exempt from overtime entitlement under California law and CarMax's policy

10   and practice of failing to pay overtime to the California Class members violate applicable

11   provisions of California law, including applicable statutory and regulatory authority;

12           d.      Whether CarMax unlawfully failed to keep and furnish California

13   Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

14           e.      Whether CarMax's policy and practice of failing to pay its

15   employees all wages due within the time required by law after their employment ended violates

16   California law; and

17           f.      The proper measure of damages sustained and the proper measure

18   of restitution recoverable by members of the California Class.

19       33.    **Typicality.**  Plaintiff's claims are typical of the California Class members'

20   claims.  Plaintiff, like other California Class members, was subjected to CarMax's policy and

21   practice of refusing to pay overtime in violation of California law.  Plaintiff's job duties were

22   typical of those of other California Class members.

23       34.    **Adequacy.**  Plaintiff will fairly and adequately represent and protect the

24   interests of the California Class.  Plaintiff has retained counsel competent and experienced in

25   complex class actions, the FLSA, and state labor and employment litigation.

26       35.    **Rule 23(b)(2) certification.**  Class certification of the Second, Third,

27   Fourth, Fifth, and Sixth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2)

28   because CarMax has acted or refused to act on grounds generally applicable to the California

Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the California Class members as a whole.  Plaintiff and the California Class members are entitled to injunctive relief to end CarMax's common and uniform practice of failing to properly compensate its employees in Covered Positions for all overtime work performed for the benefit of CarMax.

36.  **Rule 23(b)(3) certification (predominance and superiority).**  Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  CarMax's common and uniform policies and practices unlawfully treat members of the California Class as exempt from overtime pay requirements.  The damages suffered by individual California Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about CarMax's practices.

37.  **Notice.**  Plaintiffs intend to send notice to all California Class members consistent with the requirements of Fed. R. Civ. P. 23.

**ERISA CLASS ACTION ALLEGATIONS**

38.  Plaintiff brings this action on behalf of himself and all persons who were, are, or will be employed by CarMax nationwide in a Covered Position within the six years prior to this action's filing date through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be improperly classified as exempt from overtime pay under applicable state and federal laws, and who were, are, or will be covered by the (hereinafter "the ERISA Class").

39.  Plaintiff brings the Seventh and Eighth Claims for Relief for violation of ERISA as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all ERISA Class members, defined in the preceding paragraph.

40.     Plaintiff is a member of the ERISA Class, as he was employed in a Covered Position by CarMax during the ERISA Class Period.

41.     **Numerosity.** The ERISA Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the ERISA Class Period Defendant CarMax has employed at least fifty persons who satisfy the ERISA Class definition.

42.     **Commonality.** Common questions of law and fact exist as to members of the ERISA Class, including, but not limited to, the following:

a.     Whether the CarMax Retirement Savings Plan ("the 401(k) Plan") in which Class members are participants is an employee pension benefit plan pursuant ERISA;

b.     Whether CarMax is a sponsor, administrator, and/or fiduciary of the 401(k) Plan, pursuant to ERISA;

c.     Whether CarMax failed and continues to fail to maintain records with respect to Plaintiff and the ERISA Class sufficient to determine the benefit accrual rights of 401(k) Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1);

d.     Whether CarMax failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiff and the ERISA Class;

e.     Whether CarMax credited Plaintiff and the ERISA Class with all compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA; and

f.     Whether CarMax violated ERISA's fiduciary standards by its failure to credit Plaintiff and the ERISA Class with all compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA.

43.     **Typicality.** Plaintiff's claims are typical of the ERISA Class members' claims. Plaintiff, like other members of the ERISA Class, was subjected to CarMax's policy and practice of refusing to pay overtime in violation of California law. Plaintiff's job duties were typical of those of other ERISA Class members.

1    44.    **Adequacy.**  Plaintiff will fairly and adequately represent and protect the

2    interests of the ERISA Class.  Plaintiff has retained counsel competent and experienced in

3    complex class actions, ERISA, and labor and employment litigation.

4    45.    **Rule 23(b)(2) certification.**  Class certification of the Seventh and Eighth

5    Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because CarMax has acted or

6    refused to act on grounds generally applicable to the ERISA Class, making appropriate

7    declaratory and injunctive relief with respect to Plaintiff and the ERISA Class as a whole.

8    Plaintiff and members of the ERISA Class are entitled to injunctive relief to end CarMax's

9    common and uniform practice of failing to maintain records of hours worked by Plaintiff and

10   ERISA Class members and failing to credit compensation due for overtime performed by Plaintiff

11   and ERISA Class members as compensation under the 401(k) Plan.

12   46.    **Rule 23(b)(3) certification (predominance and superiority).**  Class

13   certification of the Seventh and Eighth Claims for Relief is also appropriate under Fed. R. Civ. P.

14   23(b)(3) because questions of law and fact common to the ERISA Class members predominate

15   over any questions affecting only individual ERISA Class members, and because a class action is

16   superior to other available methods for the fair and efficient adjudication of this litigation.

17   CarMax's common and uniform policies and practices unlawfully deprive members of the ERISA

18   Class of credit under the 401(k) Plan for compensation due for overtime work performed.  The

19   losses suffered by individual ERISA Class members are small compared to the expense and

20   burden of individual prosecution of this litigation.  In addition, class certification is superior

21   because it will obviate the need for unduly duplicative litigation that might result in inconsistent

22   judgments about CarMax's practices.

23   47.    **Notice.**  Plaintiffs intend to send notice to all ERISA Class members

24   consistent with the requirements of Fed. R. Civ. P. 23.

25

26

27

28

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,**
**Brought by Plaintiff on Behalf of**
**Himself and the Nationwide FLSA Plaintiffs)**

48.     Plaintiff, on behalf of himself and all Nationwide FLSA Plaintiffs, realleges and incorporates by reference paragraphs 1 through 47 as if they were set forth again herein.

49.     At all relevant times, CarMax has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, CarMax has employed, and continues to employ, "employee[s]," including Plaintiff and each of the Nationwide FLSA Plaintiff.  At all relevant times, CarMax has had gross operating revenues in excess of $500,000.

50.     Attached hereto is the Consent to Sue form signed by Plaintiff pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs asserting FLSA claims in the future.

51.     The FLSA requires each covered employer, including Defendant CarMax, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

52.     The Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

53.     At all relevant times, CarMax, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the Nationwide FLSA Plaintiffs for their hours worked in excess of forty hours per week.

54.     By failing to compensate Plaintiff and the Nationwide FLSA Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, CarMax has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

55.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Nationwide FLSA Plaintiffs, CarMax has failed to make, keep, and preserve

1    records with respect to each of its employees sufficient to determine their wages, hours, and other

2    conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*,

3    including 29 U.S.C. § 211(c) and § 215(a).

4            56.     The foregoing conduct, as alleged, constitutes a willful violation of the

5    FLSA within the meaning of 29 U.S.C. § 255(a).

6            57.     Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs, seeks

7    recovery of attorneys' fees and costs of action to be paid by CarMax, as provided by the FLSA,

8    29 U.S.C. § 216(b).

9            58.     Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs, seeks

10   damages in the amount of unpaid overtime compensation, liquidated damages as provided by the

11   FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems

12   just and proper.

13                              **SECOND CLAIM FOR RELIEF**
                    **(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,**
14                                   **Brought by Plaintiff**
                          **on Behalf of Himself and the California Class)**
15

16           59.     Plaintiff, on behalf of himself and all members of the California Class,

17   realleges and incorporates by reference paragraphs 1 through First58 as if they were set forth

18   again herein.

19           60.     California law requires an employer, such as CarMax, to pay overtime

20   compensation to all nonexempt employees for all hours worked over forty per week, or over eight

21   per day.

22           61.     Plaintiff and the California Class members are nonexempt employees

23   entitled to be paid overtime compensation for all overtime hours worked.

24           62.     Throughout the California Class Period, and continuing through the

25   present, Plaintiff and the California Class members worked in excess of eight hours in a workday

26   and/or forty hours in a workweek.  Plaintiff and certain California Class members also worked in

27   excess of twelve hours in a workday.

28

---

63.     During the California Class Period, CarMax misclassified Plaintiff and the California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

64.     As a direct and proximate result of CarMax's unlawful conduct, as set forth herein, Plaintiff and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
**Brought by Plaintiff**
**on Behalf of Himself and the California Class)**

65.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 64 as if they were set forth again herein.

66.     California Labor Code §§ 201 and 202 require CarMax to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

67.     Plaintiff and all California Class members who ceased employment with CarMax are entitled to unpaid compensation, but to date have not received such compensation.

68.     More than thirty days have passed since the California Named Plaintiff and certain California Class members left Defendant's employ.

69.     As a consequence of CarMax's willful conduct in not paying compensation for all hours worked, Plaintiff and California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
**Brought by Plaintiff**
**on Behalf of Himself and the California Class)**

70.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 69 as if they were set forth again herein.

71.     CarMax knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to Plaintiff and California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, CarMax has failed to maintain records of hours worked by Plaintiff and California Class members as required under Labor Code § 1174(d).

72.     Plaintiff and California Class members are entitled to and seek injunctive relief requiring CarMax to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FIFTH CLAIM FOR RELIEF**
**(California Meal And Rest Period Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
**Brought by Plaintiff**
**on Behalf of Himself and the California Class)**

73.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 72  as if they were set forth again herein.

74.     Plaintiff and California Class members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11(a).

1    75.    In addition, Plaintiff and California Class members regularly work and

2    have worked without being afforded at least one ten-minute rest break, in which they were

3    relieved of all duty, per four hours of work performed or major fraction thereof, as required by

4    Labor Code §§ 226.7 and Wage Order No. 4-2001, § 12.

5    76.    As a result of CarMax's failure to afford proper meal periods, it is liable to

6    Plaintiff and the California Class members for one hour of additional pay at the regular rate of

7    compensation for each workday that the proper meal periods were not provided, pursuant to

8    Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

9    77.    As a result of CarMax's failure to afford proper rest periods, it is liable to

10   Plaintiff and the California Class members for one hour of additional pay at the regular rate of

11   compensation for each workday that the proper rest periods were not provided, pursuant to Labor

12   Code § 226.7 and Wage Order No. 4-2001, § 12(b).

13
**SIXTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 et seq.,**
14
**Brought by Plaintiff**
**on Behalf of Himself and the California Class)**
15

16   78.    Plaintiff, on behalf of himself and all members of the California Class,

17   realleges and incorporates by reference paragraphs 1 through 77 as if they were set forth again

18   herein.

19   79.    The foregoing conduct, as alleged, violates the California Unfair

20   Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*  Section 17200 of the Cal.

21   Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair

22   business acts or practices.

23   80.    Beginning at a date unknown to Plaintiff, but at least as long ago as four

24   years before the filing of this action, CarMax committed, and continues to commit, acts of unfair

25   competition, as defined by the UCL, by, among other things, engaging in the acts and practices

26   described herein.  CarMax's conduct as herein alleged has injured Plaintiff and the California

27   Class by wrongfully denying them earned wages, and therefore was substantially injurious to

28   Plaintiff and to the California Class.

81.     CarMax engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

a.     The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

b.     California Labor Code § 1194;

c.     California Labor Code §§ 201, 202, 203, 204, and 226;

d.     California Labor Code § 1174;

e.     California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

f.     ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1); and

g.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

82.     CarMax's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  CarMax's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

83.     The unlawful and unfair business practices and acts of CarMax, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

84.     Plaintiff, on behalf himself and the California Class members, seeks recovery of attorneys' fees and costs of this action to be paid by CarMax, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

85.     Plaintiff, on behalf of himself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half

times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

**SEVENTH CLAIM FOR RELIEF**
**(ERISA § 502(a)(3) Based on Failure to Maintain Records**
**Brought by Plaintiff**
**on Behalf of Himself and the ERISA Class)**

86.     Plaintiff, on behalf of himself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 85 as if they were set forth again herein.

87.     At all relevant times, CarMax has been the plan sponsor and administrator of the 401(k) Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(A)-(B).  On information and belief, CarMax has exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the 401(k) Plan, thereby making it a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

88.     On information and belief, CarMax, at all relevant times, has been and continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the sponsor and administrator of the 401(k) Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A)-(B), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

89.     At all relevant times, Plaintiff was an employee of CarMax, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and a participant in the 401(k) Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

90.     ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

91.     On information and belief, the 401(k) Plan is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

92.     Pursuant to the terms of the 401(k) Plan, employees' rights to share in the contributions to the Plan are dependent, in part, on their compensation, which is defined by Section 1.1(j) of the Plan's governing instrument to include, among other things, employees' overtime wages.

93.     By its failure to record and/or report all of the hours worked by Plaintiff and members of the ERISA Class, including overtime hours, CarMax has failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of 401(k) Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

94.     In order to remedy this violation of ERISA by CarMax, Plaintiff on behalf of himself and members of the ERISA Class seeks injunctive relief, and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

95.     Plaintiff, on behalf of himself and members of the ERISA Class, seeks recovery of attorneys' fees and costs of action to be paid by CarMax, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

**EIGHTH CLAIM FOR RELIEF**
**(ERISA §§ 1001 *et seq.*,**
**Brought by Plaintiff**
**on Behalf of Himself and the ERISA Class)**

96.     Plaintiff, on behalf of himself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 95 as if they were set forth again herein.

97.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a

1   like capacity and familiar with such matters would use in the conduct of an enterprise of like

2   character and with like aims; and (3) in accordance with the documents and instruments

3   governing the plan.

4         98.    On information and belief, the 401(k) Plan confers on CarMax

5   discretionary authority, responsibility, and/or control with respect to the crediting of

6   compensation, thereby rendering CarMax a fiduciary in that regard.

7         99.    On further information and belief, CarMax has exercised actual

8   discretionary authority, responsibility, and/or control in determining what compensation would

9   and would not be credited under the 401(k) Plan.  By reason of the exercise of such discretion,

10   CarMax has been a fiduciary of that plan with respect to the crediting of compensation.

11        100.    CarMax has breached its fiduciary duties by failing to credit compensation

12   due for overtime performed by Plaintiff and the members of the ERISA Class as compensation

13   under the 401(k) Plan.

14        101.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff, on behalf

15   of himself and all members of the ERISA Class, seeks an injunction requiring Defendant to credit

16   all members of the ERISA Class with Compensation under the 401(k) Plan for all of the past and

17   future overtime work performed by those Class members and any such other equitable relief as

18   this Court deems appropriate.

19        102.    Plaintiff, on behalf of himself and members of the ERISA Class, seeks

20   recovery of attorneys' fees and costs of action to be paid by CarMax, as provided by Section

21   502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

22   <u>**PRAYER FOR RELIEF**</u>

23        WHEREFORE, Plaintiff on behalf of himself and all members of the Nationwide

24   FLSA Class, prays for relief as follows:

25        A.    Designation of this action as a collective action on behalf of the

26   Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to

27   29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of

28

1   the pendency of this action, and permitting them to assert timely FLSA claims in this action by

2   filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

3         B.      Designation of Plaintiff as Representative of the Nationwide FLSA

4   Plaintiffs;

5         C.      A declaratory judgment that the practices complained of herein are

6   unlawful under the FLSA;

7         D.      An award of damages, according to proof, including liquidated damages, to

8   be paid by Defendant;

9         E.      Costs of action incurred herein, including expert fees;

10        F.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

11        G.      Post-Judgment interest, as provided by law; and

12        H.      Such other legal equitable relief as this Court deems necessary, just, and

13   proper.

14            WHEREFORE, Plaintiff on behalf of himself and all members of the California

15   Class, prays for relief as follows:

16        I.      Certification of this action as a class action on behalf of the proposed

17   California Class;

18        J.      Designation of Plaintiff as Representative of the California Class;

19        K.      A declaratory judgment that the practices complained of herein are

20   unlawful under California law;

21        L.      Appropriate equitable and injunctive relief to remedy CarMax's violations

22   of state law, including but not necessarily limited to an order enjoining CarMax from continuing

23   its unlawful practices;

24        M.      Appropriate statutory penalties;

25        N.      An award of damages, liquidated damages, and restitution to be paid by

26   CarMax according to proof;

27        O.      Pre-Judgment and Post-Judgment interest, as provided by law;

28

1      P.      Such other injunctive and equitable relief as the Court may deem just and

2  proper; and

3      Q.      Attorneys' fees and costs of suit, including expert fees and costs.

4      WHEREFORE, Plaintiff on behalf of himself and all members of the ERISA

5  Class, prays for relief as follows:

6      R.      Certification of this action as a class action on behalf of the proposed

7  ERISA Class;

8      S.      Designation of Plaintiff as Representative of the ERISA Class;

9      T.      A declaration that the practices complained of herein violate ERISA

10  § 209(a), 29 U.S.C. § 1129(a);

11      U.      Appropriate equitable and injunctive relief to remedy CarMax's violations

12  of ERISA § 209(a);

13      V.      A declaration that CarMax has breached its fiduciary duties by failing to

14  credit Plaintiff and the ERISA Class with Compensation for all work performed, as required by

15  ERISA and the terms of the 401(k) Plan;

16      W.      An order requiring that CarMax remedy its breaches of fiduciary duty by

17  crediting Plaintiff and the ERISA Class with compensation for all of their past, present, and

18  future uncompensated work;

19      X.      Attorneys' fees and costs of suit; and

20

21

22

23

24

25

26

27

28

1    Y.    Such other injunctive and equitable relief as the Court may deem

2    necessary, just, and proper.

3                                      Respectfully submitted,

4

5

6    Dated:  March 21, 2012

     By:    _____
                Kelly M. Dermody

7

8    Kelly M. Dermody (Cal. Bar No. 171716)
     Jahan C. Sagafi (Cal. Bar No. 224887)
9    LIEFF, CABRASER, HEIMANN &
        BERNSTEIN, LLP
10   275 Battery Street, 29th Floor
     San Francisco, CA 94111-3339
11   Telephone:  (415) 956-1000
     Facsimile:   (415) 956-1008
12   E-Mail: kdermody@lchb.com
     E-Mail: jsagafi@lchb.com

13   *Attorneys for Plaintiff and Class Members*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

Dated:  March 21, 2012

By: _____
Kelly M. Dermody

Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

*Attorneys for Plaintiff and Class Members*

CLASS AND COLLECTIVE ACTION COMPLAINT
UNDER FLSA, ERISA, & CALIFORNIA LAW