# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LUCHINI, | CASE NO. CV F 12-0417 LJO DLB |
| Plaintiff, | **ORDER ON PLAINTIFF'S 28 U.S.C. § 1292(b) MOTION FOR INTERLOCUTORY APPEAL** |
| vs. | (Doc. 71.) |
| CARMAX, INC., et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Michael Luchini ("Mr. Luchini") seeks an interlocutory appeal of this Court's order to compel his individual overtime compensation claims to arbitration and to dismiss his representative claims based on provisions in Mr. Luchini's employment agreement. Defendants[1] respond that Mr. Luchini fails to satisfy requirements for an interlocutory appeal. This Court considered Mr. Luchini's interlocutory appeal motion on the record and VACATES the September 11, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES Mr. Luchini an interlocutory appeal of this Court's order.

## BACKGROUND

Mr. Luchini signed a Carmax Dispute Resolution Agreement ("arbitration agreement") in connection with his Carmax employment to agree to arbitrate certain claims. In addition to the arbitration agreement, Carmax's Dispute Resolution Rule and Procedures ("arbitration rules") govern

---

[1] Defendants are Carmax, Inc., Carmax Auto Superstores, Inc., and Carmax Auto Superstores California LLC and will be referred to collectively as "Carmax."

arbitration of claims. This Court's July 23, 2012 order ("July 23 order") compelled to arbitration Mr. Luchini's overtime compensation claims arising under federal and California statutes and dismissed without prejudice class, collective and representative claims. Mr. Luchini contends that the July 23 order "involves controlling questions of law as to which there is substantial ground for difference of opinion" to warrant an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b) ("section 1292(b)"). After addressing section 1292(b) requirements and standards, this Court will discuss below the "specific questions" which Mr. Luchini identifies.

## DISCUSSION

### Interlocutory Appeal Certification

When an issue is unresolved and interlocutory resolution could materially advance the termination of litigation, section 1292(b) permits a district court judge to certify the question:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . .

Section 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, n. 10, 117 S.Ct. 467 (1996). Section 1292(b) requires a two-step application process; step one is before the district court for certification of the order, and step two is before the court of appeals for permission to appeal. The certification is discretionary within the power of the trial judge. S.Repr. 2434, 85th Cong., 2d Sess., 1958, in 1958 U.S. Code Cong. & Admin. News 5255, 5257. Indeed, the appellate court will not consider the appeal absent written certification by the district court. *Credit Suisse v. U.S. District Ct.*, 130 F.3d 1342, 1346 (9th Cir. 1997). A party must obtain certification from both the district court and the court of appeals to bring an interlocutory appeal. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). As such, this Court has the authority to entertain Mr. Luchini's motion to certify an interlocutory appeal order because certification by the district court is the first step in section 1292(b) procedure.

A district court may amend its order to add findings for an interlocutory appeal. F.R.App.P. 5

governs appeals by permission under section1292(b):

> (a) Petition for Permission to Appeal
>
> . . .
>
> (3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.

If a district court determines to certify an order for interlocutory appeal after the order is initially entered, the proper procedure is to amend the order to contain the required certification. *Haas v. Pittsburgh Nat. Bank*, 627 F.2d 677, 679 n.1 (3d Cir. 1980). A certification order that is not directly framed as an amendment of the original order, however, may be treated as an amendment nonetheless. *Haas*, 627 F.2d at 679 n.1.

Mr. Luchini requests this Court to amend the July 23 order to permit him to pursue an appeal pursuant to section 1292(b).

## **Section 1292(b) Requirements**

The purpose of section 1292(b) is to allow for an early appeal of an order when appellate-level resolution of issues addressed by that order may provide more efficient disposition of the litigation. *Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir.1981). Section 1292(b) imposes three criteria that must be met before a district court may certify an interlocutory appeal: the order must state "(1) that there is a controlling question of law, (2) that there is substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd*, 459 U.S. 1190 (1983); 28 U.S.C. §1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152 (1974).

Section 1292(b) is not intended to allow interlocutory appeal in ordinary suits. *Kraus v. Board of County Comm'rs*, 364 F.2d 919, 922 (6th Cir.1966). "Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare." *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin v. Conseco Services, LLC*, 381 F.3d

1251, 1259 (11th Cir. 2004). "Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function." *Weber v. U.S. Trustee*, 484 F.3d 154, 159, n. 3 (2nd Cir. 2007). Only "exceptional circumstances justify departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454 (1978).

The appellate court determines "whether the district court has properly found that the certification requirements of the statute have been met," *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d at 1026, and "the party pursuing the interlocutory appeal bears the burden of so demonstrating." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party seeking a section 1292(b) appeal "has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. ), *cert. denied*, 405 U.S. 1041, 92 S.Ct. 1312 (1972). The "decision of whether to certify is wholly within the discretion of the court issuing that order." *State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F.Supp. 849, 852 (E.D.N.C. 1995). "Even if these three [section 1292(b)] requirements are satisfied, a district court still has the discretion in deciding whether or not to grant a party's motion for certification." *In re LDK Solar Securities Litigation*, 584 F.Supp.2d 1230, 1258 (N.D. Cal. 2008).

**Controlling Question Of Law**

Mr. Luchini argues that enforcement of the arbitration agreement materially affects this action "as it impacts whether Plaintiff may proceed before this Court or whether he (and others similarly situated) may proceed only in individual arbitration." Mr. Luchini contends that the July 23 order "involves numerous questions that are highly disputed among federal and state courts" to render guidance from the Ninth Circuit Court of Appeals "extremely useful." Carmax responds that the July 23 order is "consistent with the strong federal policy in favor of the resolution of disputes through arbitration" and "does not present an exceptional situation."

An order is "controlling" if its resolution could materially affect the outcome of the litigation. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026 (trial judge's recusal is a collateral issue). Section 1292(b) appeals should be reserved for "situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to

determine the facts." *McFarlin*, 381 F.3d at 1259. "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact . . . ." *McFarlin*, 381 F.3d at 1259. "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *McFarlin*, 381 F.3d at 1259; *see Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) ("an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter"); *Dalie v. Pulte Home Corp.*, 636 F.Supp.2d 1025, 1028 (E.D. Cal. 2009) ("the question is controlling because it will determine what claims are litigated in this court and, practically, whether the plaintiffs will continue to pursue a majority of their claims in any forum").

"The standard to certify a question of law is high and a district court generally should not permit such an appeal where 'it would prolong litigation rather than advance its resolution.'" *Fenters v. Yosemite Chevron*, 761 F.Supp.2d 957, 1005 (E.D. Cal. 2010) (quoting *Syufy Enter. v. Am. Multi Cinema, Inc.*, 694 F.Supp. 725, 729 (N.D. Cal.1988). In applying these standards, the trial court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging piecemeal appeals. *Association of Irritated Residents v. Fred Schakel Dairy*, 634 F.Supp.2d 1081, 1087 (E.D. Cal.2008).

Carmax urges this court to consider the controlling legal question factor with the material advancement factor. The material advancement factor is closely related to the question of whether an issue of law is "controlling" in that the district court should consider the effect of reversal case management. *Lakeland Village Homeowners Ass'n v. Great American Ins. Group*, 727 F.Supp.2d 887, 898 (E.D. Cal. 2010). Carmax notes that arbitration likely will require less time than an interlocutory appeal in that appellate review of the July 23 order "would neither terminate the litigation nor likely be completed faster than arbitration could be."

Mr. Luchini responds that the appellate duration "has nothing to do with whether the appeal will advance the ultimate resolution." Mr. Luchini notes that if his appeal were unsuccessful, "the parties will approach arbitration with the knowledge that this Court's Arbitration Order is final and not subject to reversal." Mr. Luchini continues that if his appeal is successful, the parties can proceed immediately

before this Court without first proceeding with arbitration.

Mr. Luchini fails to demonstrate that appellate resolution of the July 23 order would materially affect the outcome of this action. This Court agrees with Carmax that arbitration likely will be completed prior to appellate resolution, which in this Court's experience requires more than a year. An interlocutory appeal would promote overall delay of resolution of Mr. Luchini's claims. Although the parties may be subjected to the expense of obtaining an arbitration award that ultimately proves to be unenforceable as wrongly ordered, such is not so grim to justify departure from the general rule disfavoring piecemeal appeals. *New England Power Co. v. Asiatic Petroleum Corp.*, 456 F.2d 183,185 (1st Cir. 1972); *Stateside Machinery Co. v. Alperin*, 526 F.2d 480, 484 (3rd Cir. 1988) ("The cost of participating in a proceeding which may ultimately be set aside is not the kind of injury against which § 1292(a)(1) is intended to guard."). Mr. Luchini fails to satisfy the controlling question factor.

## **Substantial Difference Of Opinion**

Mr. Luchini contends that there is substantial difference of opinion regarding the controlling questions of law decided by the July 23 order. Carmax disagrees given that the July 23 order is supported by district courts in the Ninth Circuit, California appellate courts, and the majority of courts in other jurisdictions.

"In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." *McFarlin*, 381 F.3d at 1259. When an appellate court is in "complete and unequivocal" agreement with a district court, there is no "substantial ground for difference of opinion." *McFarlin*, 381 F.3d at 1258. "[S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases." *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994). In addition, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2nd Cir. 1996). A district court has a duty "to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Max Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 283 (E.D. Pa. 1983).

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts

must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (citation omitted).

### *Federal Substantive Right To Class Or Collective Action*

Mr. Luchini contends that federal labor statutes establish his substantive right to collective action to render unenforceable arbitration of his claims on an individual, rather than class or collective, basis. Mr. Luchini points to the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151, et seq., and in particular the "mutual aid or protection" clause of 29 U.S.C. 157, which provides: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . ." Mr. Luchini also relies on the Norris-LaGuardia Act ("NLGA"), 29 U.S.C. §§ 101, et seq.

Carmax faults Mr. Luchini's reliance on three decisions outside the Ninth Circuit given that district courts in the Ninth Circuit and California appellate courts have rejected that the NLRA and NLGA create a substantive right to pursue class litigation. Carmax contends that mere disagreement among courts in other jurisdictions fails to constitute substantial grounds for a difference of opinion.[2]

The July 23 order disagreed with Mr. Luchini and noted the absence of a "federally recognized substantive right to preclude arbitration of his and others' claims. An agreement to arbitrate in itself does not forgo substantive rights afforded by statute." To support an interlocutory appeal, Mr. Luchini argues that there is substantial ground for difference of opinion as to whether the NLRA and NLGA's right to "mutual aid and protection" includes litigation and whether that right can be waived by an arbitration agreement. Mr. Luchini concludes that the "NLRA's substantive right to engage in mutual aid or protection activities protects employees even when they are litigating overtime claims and not asserting claims under the NLRA."

---

[2] In his reply papers, Mr. Luchini notes that the Ninth Circuit has not addressed whether the NLRA and NLGA establish a substantive right to collective action.

Mr. Luchini identifies no substantial difference of opinion whether the NLRA's mutual aid and protection establishes a substantive right to class or collective action. Mr. Luchini merely rehashes the his points to oppose dismissal of his claim and which this Court rejected. The July 23 order observed:

> Mr. Luchini points to no pertinent authority that the NLRA and similar federal statutes establish a nonwaivable right to class litigation of FLSA[3] and ERISA[4] claims. Mr. Luchini's cited authority does not create a substantive right to collective action as to the SAC's[5] claims, including the SAC's California claims.

Nothing has changed since this Court issued the July 23 order to reveal a substantial difference of opinion on the issue. A "party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.' That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 634 (internal quotations omitted).

Mr. Luchini further argues that the FLSA "creates a substantive right to collective action" which "cannot be abridged by an arbitration agreement with a class action ban." Mr. Luchini claims that "there is a substantial ground for difference of opinion with this Court's conclusion that the FLSA does not provide a substantive right to collective action" and that "the Ninth Circuit has not confronted the issue."

Carmax faults Mr. Luchini's reliance on two decisions that the FLSA creates a non-waivable right to collective action given that four circuit courts have rejected such argument.

Mr. Luchini's points are not well taken given the U.S. Supreme Court's holding that "federal statutory claims may be the subject of arbitration agreements that are enforceable pursuant to the FAA because the agreement only determines the choice of forum." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 295, n. 10, 122 S.Ct. 754 (2002). "In these cases we recognized that '[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial, form.'" *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 3346 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,

---

[3] FLSA the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

[4] ERISA is the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq.

[5] "SAC" refers to Mr. Luchini's Second Amended Complaint.

473 U.S. 614, 628, 105 S.Ct. 1647 (1985)).

"[U]nder the FAA the employee's individual agreement to arbitrate all disputes was enforceable with respect to disputes over claims covered by the FLSA." *Albertson's, Inc. v. United Food & Commercial Workers Union, AFL-CIO & CLC*, 157 F.3d 758, 762 (9th Cir. 1998); *see Kuehner*, 84 F.3d at 318 (Congress had not restricted enforceability of contracts to arbitrate FLSA claims).

The FLSA does not override the strong FAA policy to enforce arbitration agreements. *See Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (3rd Cir. 2002) (plaintiff "points to no suggestion in the text, legislative history, or purpose of the FLSA that Congress intended to confer a nonwaivable right to a class action under that statute. His inability to bring a class action, therefore, cannot by itself suffice to defeat the strong congressional preference for an arbitral forum"); *see also Vilches v. The Travelers Companies, Inc.*, 413 Fed.Appx. 487, 494, n. 4 (3rd Cir. 2011); *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (rejecting claim that inability to proceed collectively deprives plaintiffs of substantive rights available under the FLSA; neither FLSA's text nor history supports that the FLSA precludes arbitration).

The July 23 order observed that "Mr. Luchini offers no meaningful support for a nonwaivable right to class or related action under FLSA . . . given the strong Congressional preference for arbitration." To support an interlocutory appeal, Mr. Luchini likewise offers no meaningful support for a substantial difference of opinion whether the FLSA establishes a substantive right to collective action to bar arbitration.

Mr. Luchini further argues that arbitration of his class injunctive relief claim under ERISA prevents "effective" vindication of ERISA rights. Mr. Luchini identifies no substantial difference of opinion as to arbitration of ERISA claims in that courts enforce arbitration of ERISA claims pursuant to arbitration provisions. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 725 (9th Cir. 2000) ("Chappel's claim for direct judicial review of the Plan's benefits determination is barred by the Plan's valid and enforceable arbitration clause. The district court properly dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim."); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1122 (3rd Cir. 1993) ("statutory ERISA claims are subject to compulsory arbitration under the FAA and in accordance with the terms of a valid arbitration

9

agreement"); *Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc.,* 847 F.2d 475, 478 (8th Cir. 1988) ("our examination reveals no congressional intent to single out ERISA claims for exemption from the general federal policy favoring rigorous enforcement of agreements to arbitrate").

In *Bird v. Shearson Lehman/American Exp., Inc.*, 926 F.2d 116, 122 (2nd Cir.), *cert. denied*, 501 U.S. 125, 111 S.Ct. 2891 (1991), the Second Circuit Court of Appeals explained:

> Arbitration is not inconsistent with the underlying purposes of ERISA. Appellees have not sustained their burden of demonstrating that the text, legislative history, or underlying purposes of ERISA indicate that Congress intended to preclude a waiver of a judicial forum for claims arising under it. Accordingly, we hold that statutory claims arising under ERISA may be the subject of compulsory arbitration.
>
> . . .
>
> We hold that Congress did not intend to preclude a waiver of a judicial forum for statutory ERISA claims. We further hold that the FAA requires courts to enforce agreements to arbitrate such claims.

Mr. Luchini fails to substantiate a substantial difference of opinion as to arbitration of ERISA claims, including those seeking injunctive relief, given the strong Congressional preference for arbitration. Moreover, "injunctive relief is not foreclosed by an arbitration because arbitrators enjoy broad equitable powers." *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co., Inc.,* 288 F.Supp.2d 1033, 1037-1038 (D. Ariz. 2003). As the July 23 order noted, Mr. Luchini's arbitrator is empowered to provide injunctive relief.

### *California Class Claims*

Mr. Luchini seeks to pursue class claims under the California Private Attorneys General Act ("PAGA"), Cal. Labor Code, §§ 2698, et seq. PAGA provides that certain civil penalties which can be assessed and collected by California's Labor and Workforce Development Agency can be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees if certain procedural requirements are met. Cal. Lab. Code § 2699(a). It is "fundamentally a law enforcement action designed to protect the public and not to benefit private parties," wherein the aggrieved employee's action "functions as a substitute for an action brought by the government itself." *Arias v. Super. Ct.*, 46 Cal.4th 969, 986–87, 95 Cal.Rptr.3d 588, 209 P.3d 923 (2009).

Mr. Luchini argues that "PAGA claims cannot be sent to individual arbitration because of their

very nature as representative actions brought for public benefit" and that "there is substantial ground for difference of opinion on the issue of forced individual arbitration where a plaintiff asserts PAGA claims."

This Court disagrees with Mr. Luchini given the dictates of the U.S. Supreme Court. Agreements to arbitrate are not invalidated "by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, __ U.S. __, 131 S.Ct. 1740, 1746 (2011). "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *Concepcion*, __ U.S. __, 131 S.Ct. at 1748. A state "cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons," *Concepcion*, __ U.S. __, 131 S.Ct. at 1753, nor can a state "prohibit[ ] outright the arbitration of a particular type of claim," *Concepcion*, __ U.S. __, 131 S.Ct. at 1747.

A PAGA claim is a state-law claim, and states may not exempt claims from the FAA. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996); *see Iskanian v. CLS Transp. Los Angeles, LLC*, 206 Cal.App.4th 949, 142 Cal.Rptr.3d 372, 385 (2012) ("Following *Concepcion*, the public policy reasons underpinning the PAGA do not allow a court to disregard a binding arbitration agreement. The FAA preempts any attempt by a court or state legislature to insulate a particular type of claim from arbitration."); *Quevedo v. Macy's, Inc.*, 798 F.Supp.2d 1122, 1142 (C.D. Cal. 2011) (plaintiff's "PAGA claim is arbitrable, and that the arbitration agreement's provision barring him from bringing that claim on behalf of other employees is enforceable"); *Grabowski v. Robinson*, 817 F.Supp.2d 1159, 1181 (S.D. Cal. 2011) ("Plaintiff's California Private Attorney General Act claim is arbitrable, and that the arbitration agreement's provision barring him from bringing that claim on behalf of other employees is enforceable"); *see also Morvant v. P.F. Chang's China Bistro, Inc.*, __ F.Supp.2d __, 2012 WL 1604851 (N.D. Cal. 2012) ("the Court must enforce the parties' Arbitration Agreement even if this might prevent Plaintiffs from acting as private attorneys general.")

The Ninth Circuit recently provided further support that PAGA does not prevent arbitration:

> But the very nature of federal preemption requires that state law bend to conflicting federal law—no matter the purpose of the state law. It is not possible for a state legislature to avoid preemption simply because it intends to do so. The analysis of

whether a particular statute precludes waiver of the right to a judicial forum—and thus whether that statutory claim falls outside the FAA's reach—applies only to federal, not state, statutes. On the several occasions that the Supreme Court has considered whether a statutory claim was unsuitable for arbitration, the claim at issue was a federal one.

*Kilgore v. KeyBank, Nat. Ass'n*, 673 F.3d 947, 962 (9th Cir. 2012).

Mr. Luchini fails to identify a substantial difference of opinion as to U.S. Supreme Court directives that the FAA displaces outright state law prohibition of "arbitration of a particular type of claim" and that a state is unable to require a procedure inconsistent with the FAA, "even if it is desirable for unrelated reasons." *Concepcion*, __ U.S. __, 131 S.Ct. at 1748, 1753. "Indeed, class arbitration was not even envisioned by Congress when it passed the FAA . . ." *Concepcion*, __ U.S. __,131 S.Ct. at 1751.  Based on *Concepcion* and subsequent court decisions, this Court sees no substantial difference of opinion on the issue whether PAGA entitles Mr. Luchini to avoid arbitration.

### *Unconscionability*

Mr. Luchini continues to argue that the arbitration agreement is procedurally and substantively unconscionable to render the arbitration agreement unenforceable. Carmax points to the absence of substantial difference of opinion as to procedural or substantive unconscionability.

<u>Procedural Unconscionabilty</u>

The July 23 order observed:

> Mr. Luchini fails to demonstrate oppression or surprise to support procedural unconscionability. The arbitration agreement comprises the last two pages of Mr. Luchini's employment application and is clearly designated as the "Carmax Dispute Resolution Agreement." Mr. Luchini offers nothing to suggest that his signing the arbitration agreement equates to oppression.

To support an interlocutory appeal, Mr. Luchini offers nothing to substantiate a substantial difference of opinion as to procedural unconscionability of the arbitration agreement. Mr. Luchini's rehashing of points raised to oppose dismissal is unavailing.

<u>Substantive Unconscionability</u>

The July 23 order found unconscionable Rule 19 of the arbitration rules which permitted Carmax to alter or terminate the arbitration agreement and arbitration rules "on December 31 of any year upon giving thirty (30) calendar days written notice." The July 23 order severed and struck Rule 19 and found that the remainder of the arbitration agreement and arbitration rules were not substantively

unconscionable. The July 23 order observed:

> The arbitration agreement and arbitration rules do not permeate with unconscionability. All but the Rule 19 unilateral termination and modification satisfy mutuality. Because Rule 19 is "collateral to the main purpose of the contract," its severance is proper. Moreover, Mr. Luchini fails to demonstrate implication of Rule 19 to his claims and potential harm to him. By severing Rule 19, the overall purposes of the arbitration agreement and arbitration rules are in tact and effectuated.

Mr. Luchini appears to argue the existence of substantial difference of opinion as to unconscionability of arbitration rules addressing an award of attorney fees and costs and limitations period to bring claims. Mr. Luchini concludes there is "substantial basis for disagreement . . . with this Court's conclusion that the Agreement is not permeated with unconscionability (and that severance is therefore proper)."

Carmax responds that Mr. Luchini misreads the arbitration rules and notes that arbitration will force Mr. Luchini to bear no expense other than those he would bear in a court action. Carmax further points out that the arbitration rules "collectively require the arbitrator to adhere to applicable substantive law, including the law pertaining to limitation periods." Carmax faults Mr. Luchini's failure to demonstrate this Court's abuse of discretion in severing Rule 19 rather than finding the arbitration agreement unconscionable in entirety.

Mr. Luchini offers nothing meaningful to support his substantive unconscionability points and merely rests on generalities. Mr. Luchini's unsupported conclusions fail to demonstrate a substantial difference of opinion to challenge the July 23 order's rulings on substantive unconscionability.

In sum, Mr. Luchini fails to substantiate a substantial difference of opinion on the July 23 order's rulings.

**Material Advancement**

Mr. Luchini argues that an immediate appeal would materially advance this litigation in that reversal as to any of the key legal questions "is likely to enable Plaintiff to litigate his class and collective action claims in court."

A party seeking interlocutory certification must show that an immediate appeal may "materially advance," rather than impede or delay, ultimate termination of the litigation. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026. "When litigation will be conducted in substantially the same

manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 378-379 (8th Cir. 1994).

Given Mr. Luchini's failure to establish the controlling legal question and substantial difference of opinion factors, Mr. Luchini fares no better on the material advancement factor. This Court is unconvinced that an appeal process will take less time than arbitration or will resolve Mr. Luchini's claims more quickly than arbitration. No advancement of this litigation is likely via an interlocutory appeal. This Court concludes that an interlocutory appeal would delay ultimate resolution of Mr. Luchini's claims.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. Luchini a section 1292(b) appeal of the July 23 order.

IT IS SO ORDERED.

**Dated:    September 5, 2012**            /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE